FILED

November 10, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003893667

A

1   THE SUNTAG LAW FIRM
    A Professional Corporation
2   DANA A. SUNTAG (California State Bar No. 125127)
    LORIS L. BAKKEN (California State Bar No. 215033)
3   The Kress Building
    20 North Sutter Street, Fourth Floor
4   Stockton, California  95202
    Telephone: (209) 943-2004
5   Facsimile:  (209) 943-0905

6   Attorneys for Chapter 7 Trustee
    ERIC J. NIMS
7

8                    UNITED STATES BANKRUPTCY COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10
    IN RE:                          )   NO: 10-49067-D-7
11                                  )
                                    )   DC No.: SLF-10
12  SAVUN PHON,                     )
                                    )   MOTION FOR AUTHORIZATION TO
13                                  )   SELL THE ESTATE'S INTEREST IN
             Debtor.               )   VEHICLE
14                                  )
                                    )   Date: December 14, 2011
15                                  )   Time: 10:00 a.m.
                                    )   Place: Department D
16                                  )   The Honorable Robert S. Bardwil
                                    )
17  _____)

18

19

20

21

22

23

24

25

26

1            Chapter 7 Trustee Eric J. Nims respectfully moves for authorization to sell the

2 estate's interest in a 1955 Chevrolet Bel Air (the "Bel Air") to Debtor Savun Phon for $15,000.00.

3            The Trustee believes the sale is in the best interests of the creditors and this Court

4 should approve it pursuant to Bankruptcy Code Section 363(b).

5            The Trustee represents the following:

6            1.       On November 2, 2010, the Debtor filed this case. Eric J. Nims was

7 appointed Chapter 7 Trustee.

8            2.       The Debtor scheduled an ownership interest in a 1955 Chevrolet, which she

9 valued at $25,000 and of which she claimed $20,000 exempt under Code of Civil Procedure

10 Section 703.140(b)(5).

11            3.       At the Section 341 meeting of creditors, the Trustee learned that the

12 1955 Chevrolet is a Bel Air (the "Bel Air"). (Nims Decl., ¶ 3).

13            4.       The Trustee obtained turnover of the Bel Air from the Debtor and had it

14 delivered to Ernst & Associates Auctioneers, Inc. ("Ernst"), located at 824 Kiernan Avenue,

15 Modesto, California 95356. (Nims Decl., ¶ 4).

16            5.       In her Schedule D, the Debtor scheduled Sunil and Lori Wadhwa as

17 secured creditors with a secured lien against the Bel Air.

18            6.       On May 31, 2011, the Trustee filed an application to employ Ernst as

19 auctioneer and a motion to sell the Bel Air at public auction. On July 6, 2011, this Court entered

20 orders granting both motions. The Court ordered the Trustee to place the proceeds of the sale

21 into a blocked account because of the alleged secured claims of the Wadhwas. (Nims Decl.,

22 ¶ 5).

23            7.       The Debtor now acknowledges that the Wadhwas have no secured claim

24 as to the Bel Air. (Phon Decl., ¶¶ 3, 4). On August 23, 2011, the Debtor filed Amended

25 Schedules D and F removing Sunil and Lori Wadhwa from Schedule D and adding them to

26 Schedule F.

1        8.      The Bel Air is property of the bankruptcy estate.  (Nims Decl. ¶ 6).

2        9.      The Trustee obtained an appraisal of the Bel Air from Ernst and, based on

3   that, believes that the value of the Bel Air is approximately $35,000. Accordingly, the nonexempt

4   portion of the value of the Bel Air is approximately $15,000. (Nims Decl. ¶ 7).

5        10.     The Trustee wishes to liquidate the Bel Air and obtain the maximum value

6   for the estate. The Trustee, through his attorney, entered into negotiations with the Debtor.

7   (Nims Decl. ¶ 8).

8        11.     As a result of the negotiations, the Trustee and the Debtor reached an

9   agreement under which the Debtor agreed to pay $15,000 (the "Purchase Amount") to buy the

10  estate's interest in the Bel Air. The Debtor has paid the Purchase Amount.[1] The Purchase

11  Amount will be nonexempt property of the estate. The parties have entered into a proposed

12  sales agreement documenting this (collectively, the "Sale"). (Nims Decl. ¶ 9, Ex. A).

13       12.     The Sale is conditional on Bankruptcy Court approval of this motion and the

14  Trustee is amenable to overbidding at the hearing on terms that are agreeable to this Court.

15  (Nims Decl. ¶ 10).

16       13.     Bankruptcy Code Section 363(b) provides that a trustee, after notice and a

17  hearing, may sell property of the bankruptcy estate other than in the ordinary course of

18  business.

19       14.     The Trustee believes the Sale is in the best interests of creditors since it will

20  allow the Trustee to obtain the maximum value for the estate. (Nims Decl. ¶ 11).

21

22

23  1       In addition, since Ernst has had possession of the Bel Air since January 24,
            2011, but the Trustee did not sell the Bel Air at public auction based on the
24          Debtor's request, the Trustee agreed to pay directly to Ernst Ernst's costs and
            fees associated with the storage and transportation of the Bel Air. Those
25          amounts are $6010.00. The Trustee notes these facts in the instant motion but
            does not believe this aspect of the transaction requires Bankruptcy Court
26          approval because Ernst is not being paid from property of the estate.

1     WHEREFORE, the Trustee respectfully requests that the Court grant this motion

2   and that it grant such further and other relief as may be just and proper.

3   Dated: November 9, 2011                          THE SUNTAG LAW FIRM
                                                      A Professional Corporation
4

5                                                     By:   /s/ Dana A. Suntag
                                                            DANA A. SUNTAG
6                                                           Attorneys for Chapter 7 Trustee
                                                            ERIC J. NIMS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26